UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 17-5261-VBF (KS)                                    Date: July 5, 2018

Title     *Timothy Booten v. R.J. Rackley*


Present: The Honorable:    Karen L. Stevenson, United States Magistrate Judge


| Roxanne Horan-Walker | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On July 17, 2017, Petitioner, a California state prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2254 (the "Petition") in which he challenged his ineligibility for resentencing in connection with Proposition 64.[1]  (Dkt. No. 1.)  On July 24, 2017, the Court ordered Petitioner to show cause why the action should not be dismissed as a second and successive habeas petition pursuant to 28 U.S.C. § 2244(b).  (Dkt. No. 3.)  In response, on August 18, 2017, Petitioner filed:  (1) a "Motion in Filing Abeyance," which the Court has liberally construed as a motion for a stay (the "Stay Motion") (Dkt. No. 4); and (2) a request in which he asked the United States Court of Appeals for Ninth Circuit to issue an order "remanding back to the lower court for consideration if the Fourth Amendment were violated by using gang affiliation for disqualification of relief under Proposition 64" (the "Request") (Dkt. No. 5).

---

[1]     Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, amended California Health and Safety Code § 11359 in 2016 to provide, generally, that "[e]very person 18 years of age or over who possesses marijuana for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment."  Proposition 64 also added California Health and Safety Code § 11361.8 to allow a "person currently serving a sentence for a conviction" of Health and Safety Code § 11359 (and other marijuana-related crimes) to petition the trial court to recall the person's sentence and resentence the person in accordance with the amended statute.  If an inmate files such a petition and satisfies the statutory criteria for relief, "the court shall grant the petition ... unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety."  CAL. HEALTH & SAF. CODE § 11361.8(b); *see also People v. Rascon*, 10 Cal. App. 5th 388, 392-93 (Ct. App. 2017), review denied (July 12, 2017).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 17-5261-VBF (KS)                                                                Date: July 5, 2018

Title      *Timothy Booten v. R.J. Rackley*


On September 6, 2017, Petitioner filed an application for leave to file a second or successive petition in the United States Court of Appeals for the Ninth Circuit and lodged with the Ninth Circuit a copy of the Request that he filed in this Court on August 18, 2017. *Booten v. Rackley*, No. 17-72496.

On November 14, 2017, the Court granted Petitioner's request to stay the action pending the Ninth Circuit's decision and ordered Petitioner to, *inter alia*, file, within 30 days of the Ninth Circuit's ruling on Petitioner's application, either a Motion to Lift the Stay or a signed document entitled Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Dkt. No. 8.) On May 17, 2018, the Ninth Circuit ruled on Petitioner's application, finding that the Petition was not second or successive. (Dkt. No. 15.) However, more than 30 days have now passed since the date of the Ninth Circuit's ruling and Petitioner has not complied with the Court's November 14, 2017 Order – that is, he has not filed a Motion to Lift the Stay or a Notice of Voluntary Dismissal. Because Petitioner has failed to comply with the Court's November 14, 2017 Order, Petitioner is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for his failure to prosecute and comply with the Court's prior Order.

To discharge this Order and proceed with this action, Petitioner must file <u>one</u> of the following **on or before July 26, 2018**:
   (1) a motion to lift the stay and proceed with the Petition; or
   (2) a signed Notice of Voluntary Dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Petitioner is cautioned that the failure to comply with these instructions may result in an order vacating the stay *nunc pro tunc* and recommending dismissal of the action for failure to prosecute and comply with court orders.**

**IT IS SO ORDERED**.


|  | 00:00 |
|---|---|
| **Initials of Preparer** | CL |